NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0096n.06
Filed: February 7, 2006

No. 05-3107

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| RICKY COOPER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KENNEDY, COOK, and GRIFFIN, Circuit Judges.

PER CURIAM. Ricky Cooper appeals the district court's order denying his demand for discovery and motion for a new trial under Federal Rule of Criminal Procedure 33. After hearing oral argument and reviewing the record, the parties' briefs, and the applicable law, this Court determines that no jurisprudential purpose would be served by a panel opinion and affirms the district court's decision for the reasons stated in that court's opinion.

The Court also declines to review Cooper's claim that he is entitled to re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), as he failed to raise the claim in the motion that is the subject of this appeal. Had Cooper raised the claim before the district court, it would have been foreclosed by *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), because "*Booker's* rule does not apply retroactively in collateral proceedings."